

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-82,940-01

### EX PARTE CURTIS ALLEN KIRKLAND, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 11-10-11344-CR (1) IN THE 9th DISTRICT COURT
### FROM MONTGOMERY COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with intent to deliver a controlled substance, methamphetamine, and sentenced to seventy years' imprisonment. The Ninth Court of Appeals affirmed his conviction. *Kirkland v. State*, 400 S.W.3d 625 (Tex. Crim. App.—Beaumont 2013).

In several grounds for relief, Applicant contends both of his trial attorneys rendered ineffective assistance in this case. The trial court recommends relief be granted after holding an

evidentiary hearing and determining trial counsels' performance was deficient and such deficient performance prejudiced Applicant at both the guilt-innocence and punishment phases of his trial. However, we do not agree with the trial court's determination regarding prejudice in this application.

At first blush, the trial court's recommendation to grant a new trial on punishment appears to be supported by the record and case law. *See Ex parte Lane*, 303 S.W.3d 702 (Tex. Crim. App. 2009).[1] In *Lane*, we held the applicant was prejudiced by counsel's failure to object, during the punishment phase, to testimony by a law enforcement agent on the dangers and societal costs caused by methamphetamine, that methamphetamine was one of the two most highly addictive drugs, and that the amount of drugs found in applicant's car was enough to get 45,000 people high.[2] However, the applicant in *Lane* did not have the same lengthy criminal background as the Applicant in this case and, while we believe counsel should have made objections, the statements by the prosecutor here are not nearly as outrageous as the statements made in the *Lane* case.

Therefore, as with Applicant's other claims for relief, we find he has not shown a reasonable probability, one sufficient to undermine confidence in the result, that the outcome would have been different but for his counsels' deficient performance. *Ex parte Chandler*, 182 S.W.3d 350 (Tex. Crim. App. 2005).

We exercise our authority to reach the contrary conclusion, and, accordingly, relief is denied.

---

[1] We did not grant a new trial in *Lane*, a case with a far more favorable factual situation to the one in this case. Therefore, other than to find it is without merit, we will not address the trial court's recommendation to grant a new trial.

[2] The amount of methamphetamine in the *Lane* case was 225.44 grams. The amount of methamphetamine in this case was 42.35 grams.

*See Ex parte Reed*, 271 S.W.3d 698, 727-728 (Tex. Crim. App. 2008).

Filed: August 26, 2015
Do not publish